IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,906




EX PARTE JIMMY EDWARD PARKER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-2003-0866-EWHC1 IN THE 367TH DISTRICT COURT
FROM DENTON COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child and sentenced to life on one count and 99 years’ imprisonment
on the remaining counts. The Second Court of Appeals affirmed his conviction. Parker v. State,
No. 2-05-265-CR (Tex. App. – Fort Worth, August 17, 2006, no pet). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to: adequately consult with Applicant before trial; investigate and interview State’s
witnesses and potential defense witnesses; and file a request for notice of intent to introduce
extraneous offense evidence.
            The trial court has determined that trial counsel’s performance was deficient and that his
deficient performance prejudiced Applicant. The habeas record supports the trial court’s factual
determinations as well as its conclusions of law. We find, therefore, that applicant is entitled to
relief. The judgment of conviction in Case No. F-2003-0866-E in the 367th District Court of Denton
County is set aside, and Applicant is remanded to the custody of the Sheriff of Denton County to
answer the charge against him. A copy of this opinion shall be forwarded to the Texas Department
of Criminal Justice – Correctional Institutions Division.
 
Delivered: April 30, 2008
Do Not Publish